UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FIRSTMERIT BANK, N.A., a nationally )
chartered bank, as successor in interest to )
MIDWEST BANK AND TRUST, )
an Illinois banking corporation, )
                                  )
          Plaintiff, )
                                 )
      v. ) No. 11-cv-8903
                                  ) Hon. Marvin E. Aspen
                                  )
MERVYN DUKATT and CAROLYN )
DUKATT, )
          Defendants. )

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff FirstMerit Bank, N.A. ("FirstMerit") brings this action to enforce a Guarantee signed by Defendants Mervyn and Carolyn Dukatt. The action is before us on diversity jurisdiction. FirstMerit filed a motion summary judgment on July 5, 2012. For the reasons set forth below, we grant the motion.

### BACKGROUND[1]

In August 2006, Defendants, acting through their investment vehicle Tierra Buena Investments, LLC, received a loan for $753,525 from Midwest Bank and Trust Co. ("Midwest Bank"). (Pl. 56.1 Stat. ¶ 8.) In exchange for the loan, Tierra Buena executed and delivered a promissory note ("Note") to the order of Midwest Bank. (Pl. 56.1 Stat. ¶ 9.) Pursuant to the

---

[1] Defendants did not object to any of Plaintiff's 56.1 Statements. Therefore, we take the facts recited therein as admitted. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.").

Note, Tierra Buena promised to pay Midwest Bank $753,525, together with interest payable at the rates and in the manner provided in the Note. (*Id*. ¶ 10.) To secure the Note, Defendants executed and delivered a Continuing Guarantee, stating that each Defendant "unconditionally guarantee[s] and promise[s] to pay . . . any and all indebtedness and other obligations of Tierra Buena" under the Note; the Continuing Guarantee incorporated the Note, Loan Agreements and all other related documents. (*Id*. ¶¶ 11–12; Decl.of Maxwell at Ex. 4 ¶ 1.) The Note provided for a default interest rate of 11.25% and a late charge fee of five percent of the unpaid sum to be added when any regularly scheduled payment was not paid within ten days of its due date. (*Id*. ¶ 19–20.) The Continuing Guarantee also provided that Defendants would pay Lender, defined as Midwest Bank, reasonable attorney fees and all other costs incurred enforcing and collecting the obligations. (Pl. 56.1 Stat. ¶ 13; Decl. of Maxwell, Ex. 4 ¶ 15.)

The Illinois Department of Financial and Professional Regulations closed Midwest Bank on May 14, 2010 and appointed the Federal Deposit Insurance Corporation ("FDIC") as Receiver. (Decl. of Maxwell ¶ 4.) In a transaction with the FDIC, FirstMerit purchased and became the owner of substantially all of the loans and other assets of Midwest Bank, including the Note and related documents that are the subject of this litigation. (*Id*. ¶¶ 5–6.) Accordingly, FirstMerit is the successor by assignment to the rights and obligations under the Continuing Guarantee. (Pl. 56.1 Stat. ¶ 2.)

When the Note matured in 2011, Tierra Buena failed to pay the outstanding principal, interest, and other charges due; such action constituted an Event of Default. (Pl. 56.1 Stat. ¶¶ 16–17.) Pursuant to the terms of the Note, the Event of Default gave Lender the right to declare the Note fully due and payable and to proceed to enforce its rights. (*Id*. ¶ 18.) FirstMerit

thereafter made a demand upon Tierra Buena for full and immediate payment, a copy of which was sent to Defendants. (*Id.* ¶¶ 21–22.)

Defendants have failed to pay all of the outstanding principal and interest owed. (*Id.* ¶¶ 23–24.) FirstMerit asserts that as of June 21, 2012, $742,099 is due and owing—consisting of principal balance, interest through June 21, 2012, and late charges—plus additional costs and fees. (*Id.* ¶ 25.) FirstMerit further claims that interest is accruing at the rate of $205.29 per diem. (*Id.*)

Defendant filed a Local Rule 56.1 Statement (mislabeled a 56.2 Statement, Dkt. No. 26) asserting only four facts: (1) Mervyn Dukatt is a defendant and filed a proper Declaration; (2) Duckatt's Declaration outlines charges made by Midwest Bank for which FirstMerit seeks recovery; (3) the amount disputed is $2,995.63; and (4) Maxwell's Declaration, relied on by FirstMerit, does not authenticate purported business records, and therefore his testimony based on the records are inadmissible. (Def. 56.1 Stat. ¶¶ 1–4.)

## STANDARD OF REVIEW

Summary judgment is proper only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue for trial exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). This standard places the initial burden on the moving party to identify those portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (internal quotations omitted). Once the moving party meets this burden of production, the nonmoving

party "must go beyond the pleadings" and identify portions of the record demonstrating that a material fact is genuinely disputed. *Id*.; Fed. R. Civ. P. 56(c). In deciding whether summary judgment is appropriate, we must accept the nonmoving party's evidence as true, and draw all reasonable inferences in that party's favor. *See id.*, 477 U.S. at 255, 106 S. Ct. at 2513.

## ANALYSIS

To forestall summary judgment, Defendants make two arguments. First, Defendants assert that there is a question of fact about $2,995.63 worth of fees. Second, Defendants argue that FirstMerit has failed to authenticate business records on which it relies. We address each argument in turn; neither has merit.

### I. Disputed Fees

Defendants' response to Plaintiff's motion for summary judgment includes a one-sentence argument asserting that there is a triable issue of fact: "That the Declaration of Mervyn Dukatt at ¶2, 3 [sic] creates a triable issue of fact with regard to the balance on the obligation of Tierra Buena Investments, LLC." (Resp. at 1.) The Declaration of Mervyn Dukatt, moreover, simple provides, "there are charges contained within the Answers to Interrogatories that are not true and accurate." Dukatt's Declaration proceeds to proclaim that on eleven different days between October 2006 and December 2007 "there is a fee assessed of $272.33 which was not a correct charge nor charged by First Midwest Bank." (Decl. of Dukatt ¶ 4 A–K.) Dukatt does not provide a source for his assertions, but simply states, "the basis of my knowledge is a review of the accounts of Tierra Buena Investments, LLC., including their books and records." (*Id*. ¶ 5.)

FirstMerit correctly points out that First Midwest Bank is not an identified entity in this suit. Presumably, Dukatt intended to refer to Midwest Bank. Even if we allow that correction

4

(which Defendants never requested) Dukatt's statements are bare, conclusory allegations. "It is well settled that conclusory allegations and self-serving affidavits, without support in the record, do not create a triable issue of fact." *Hall v. Bodine Elec. Co.*, 276 F.3d 345, 354 (7th Cir. 2002); *but cf. Trinity Homes, LLC. v. Ohio Cas. Ins. Co.*, 629 F.3d 653, 659–60 (7th Cir. 2010) (finding self-serving, non-conclusory affidavit was "based on . . . personal knowledge and provided sufficient detail" to establish question of fact).[2] We thus find that no material fact is genuinely disputed, and we turn to whether judgment for Plaintiff is proper as a matter of law.

## II. Business Records

FirstMerit has supported its motion for summary judgment with the Declaration of Thomas Maxwell, Senior Vice President and loan workout officer for FirstMerit. (Decl. of Maxwell ¶ 2.) Maxwell's Declaration indicates that FirstMerit, pursuant to an FDIC sale, purchased and became the owner of substantially all of Midwest Bank's loans, including the loan at issue in this suit. (*Id*. ¶¶ 5–6.) It also indicates that Maxwell reviewed the contested loan documents received from the FDIC and Midwest Bank. (*Id*. ¶ 8.) Maxwell does not purport to have knowledge of Midwest Bank's reporting practices or procedures. Defendants contend, therefore, that the records underlying Maxwell's assertions, originally created by Midwest Bank,

---

[2] Alternatively, we would consider disregarding Dukatt's Declaration as a sanction for Defendants' failure to respond to interrogatories. FirstMerit served interrogatories on Defendants on May 2, 2012. Interrogatory One stated: "[I]f the Defendants' contend that a different amount is due and owing, state the amount." (Reply, Ex. 1 (FirstMerit Interrog.) at 5.) Defendants, however, failed to respond to the request and failed to provide any justification for their inaction. *Charter House Ins. Brokers, Ltd. v. New Hampshire Ins. Co.*, 667 F.2d 600, 604 (7th Cir. 1981) (citing Fed. R. Civ. P. 37(d)) (If a party fails to respond in any way to interrogatories, "the court may impose sanctions directly, without first issuing an order to compel discovery.").

5

were not made in the ordinary course of FirstMerit's business and Maxwell cannot assert their accuracy. (Mem. in Opp'n at 1–2.)

Pursuant to Rule 803(6) of the Federal Rules of Civil Procedures a "record of an act, event, condition, opinion, or diagnosis" is "not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness" if:

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> © making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Civ. P. 803(6). Defendants explain that "the business records exception does not embrace statements contained within a business record that were made by one who is not a part of the business if the embraced statements are offered for their truth." *Woods v. City of Chi.*, 234 F.3d 979, 986 (7th Cir. 2000) (quoting *U.S. v. Vigneau*, 187 F.3d 70, 75 (1st Cir. 1999)) (internal quotations omitted); *see also* Fed. R. Civ. P. 806 advisory committee's note.

Maxwell's Declaration does fail to show that he has knowledge of how the documents were kept prior to May 14, 2012; this, however, is not a fatal flaw. "Several circuits have held that exhibits can be admitted as business records of an entity, even when that entity was not the maker of those records, so long as the other requirements of Rule 803(6) are met and the circumstances indicate the records are trustworthy." *U.S. v. Childs*, 5 F.3d 1328,1333 (9th Cir. 1993) (listing cases); *see e.g. U.S. v. Jakobetz*, 955 F.2d 786, 801 (2d Cir. 1992) ("Even if the

document is originally created by another entity, its creator need not testify when the document has been incorporated into the business records of the testifying entity."). While the Seventh Circuit has not joined the discussion, some courts in this circuit have held that "a third-party document may qualify as another business entity's record, provided that the entity integrated the third-party document into its records and relied upon it in its day-to-day operations," and "the proponent of the document . . . demonstrate[d] that the other requirements of Rule 803(6) are satisfied." *Webb v. Midland Credit Mgmt., Inc.*, 11 C 5111, 2012 WL 2022013, at *4 (N.D. Ill. May 31, 2012) (listing cases) (internal quotations omitted). Here, FirstMerit incorporated the records received from Midwest Bank into its system and relied upon them in its day-to-day operation. This is demonstrated in Maxwell's Declaration, but could also be presumed from the situation. FirstMerit necessarily relies on the documents created by Midwest Bank in order to monitor and collect the debts purchased from the FDIC. While we believe that the documents can be introduced under this rationale, we need not decide as Defendants do not actually dispute the reliability of the documents.

In fact, the reliability of the documents cannot reasonably be questioned. *See Thanongsinh v. Board of Educ.*, 462 F.3d 762, 777 (7th Cir. 2006). "Although recognizing that, in most cases, an affidavit authenticating the document as a business record is required at summary judgment, [the Seventh Circuit] held that an exception is applicable when the party challenging the document's admissibility relied on that same document 'for its accuracy' in earlier proceedings, or otherwise 'conceded the accuracy of the documents that the [opposing party] sought to introduce.'" *Thanongsinh*, 462 F.3d at 778 (citing *Woods*, 234 F.3d at 988). Here, careful examination of the record indicates that the authenticity of the documents are not in

question.  Tellingly, Defendants' motion does not attempt to argue that the loan documents are not authenticate.  More importantly, the Answer admits that the loan documents attached to the complaint are true and correct copies of the documents executed prior to the loan.  (Answer ¶¶ 7–9.)  These same documents are attached to Maxwell's Declaration.  (*Compare* Compl. Exs. 1–3, *with* Decl. of Maxwell Exs. 2–4.)  We thus conclude that Defendants "cannot reasonably question the reliability" of the loan documents, and we can rely upon the same in summary judgment.  *See Thanongsinh*, 462 F.3d at 779 (citing *Woods*, 234 F.3d at 989).

Finally, the documents support the allegations raised in the Complaint.  Namely, Terra Buena defaulted on its payments, and Defendants, as guarantors, have not satisfied their obligations.  (*See e.g.,* Pl. 56.1 Stat. ¶¶ 8, 16–17, 23–24.)  Based on these undisputed facts, judgment for FirstMerit is proper as a matter of law.

## CONCLUSION

For the reasons set forth above, we find that there are no remaining questions of fact and that judgment for FirstMerit is proper as a matter of law.  Accordingly, we grant FirstMerit's motion for summary judgment.  It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: Chicago, Illinois
September 26, 2012